**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**WESBELL DEDICATED ASSEMBLY, LTD.,**
a Delaware Corporation,

                **Plaintiff(s),**

v.

**TRAVIS NIGHTENGALE,** an individual and a Michigan citizen, and **AUTOMOTIVE CONTRACT EMPLOYEES, INC.**

                **Defendant(s).**
                                          /

**CASE NUMBER: 05-73179**

**HONORABLE DENISE PAGE HOOD**

**MAGISTRATE R. STEVEN WHALEN**

**ORDER DENYING EMERGENCY MOTION FOR AN
*EX PARTE* TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Plaintiff's Motion for an Ex Parte Temporary Restraining Order. The Court **DENIES** Plaintiff's Motion.

When deciding a motion for a temporary restraining order, a district court must consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Connection Distribution Co. V. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). No single factor is dispositive. The court must balance each factor to determine whether they weigh in favor of an injunction. *Id*. The burden of proving entitlement is on the moving party. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415

U.S. 423, 443, 94 S.Ct. 1113 (1974).

Because the Plaintiff has failed to address all of the above referenced factors the court must consider in granting injunctive relief, the motion is **DENIED**.

**IT IS SO ORDERED**.

|  |  | **/s/ Victoria A. Roberts** |
|---|---|---|
|  | For: | **DENISE PAGE HOOD** |
|  |  | **United States District Judge** |
| **DATED: 8/17/05** | By: | **VICTORIA A. ROBERTS** |
|  |  | **Presiding Judge** |

The undersigned certifies that a copy of this document was served on the attorneys of record by facsimile and ordinary mail on August 17, 2005.

s/Carol A. Pinegar
Deputy Clerk